United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOAN T. TANG, Inmate #P00189427, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2820 |
| SHERIFF TROY E. NEHLS, et al., | § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, Toan T. Tang, is currently in custody at the Fort Bend County Jail. Tang has filed a handwritten Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), alleging violations of his civil rights in connection with state court criminal proceedings that have been lodged against him in Fort Bend County. Because Tang is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case must be dismissed for the reasons explained below.

I. **Background**

Tang is presently in the custody of the Fort Bend County Jail as the result of criminal charges filed against him in Fort Bend County.[1] Public records from Fort Bend County confirm that Tang has been formally charged in the following felony and misdemeanor cases: Cause No. 16-DCR-073638 (unauthorized use of a motor vehicle); Cause No. 16-DCR-073639 (credit or debit card abuse); Cause No. 16-187561 (burglary of a vehicle); Cause No. 16-CCR-186570 (theft of property); Cause No. 16-CCR-186571 (criminal mischief); Cause No. 16-CCR-187572 (terroristic threat); Cause No. 16-CCR-187573 (theft of property); and Cause No. 16-CCR-187793 (theft of property).

Tang has filed this civil rights lawsuit under 42 U.S.C. § 1983 against the following defendants in connection with the above-referenced criminal charges: (1) Fort Bend County Sheriff Troy E. Nehls; (2) the Fort Bend County Police Commissioner's Office; (3) Roderick Glass, who is Tang's court-appointed defense counsel; (4) Missouri City Police Officer Diaz; (5) Missouri City Police Officer Zimmerman; (6) Sheriff's Deputy Daisy Torres; (7) Sheriff's Deputy Teresa Hargrove; and (8) Sheriff's Deputy Napps.[2]

Tang alleges that there is a conspiracy to deprive him of due process in the above-referenced criminal proceedings that are

---

[1]Complaint, Docket Entry No. 1, p. 3 (listing cause numbers).

[2]Id. at 2.

pending against him in state court.[3] In support of this assertion Tang alleges that Diaz, Zimmerman, Torres, Hargrove, and Napps "made a fake case and charged, arraigned [him], and set bond" on June 10, 2016, "without an arrest incident, police report, any evidence, no [attorney] present," and no "Examining Trial/Grand jury probable cause hearing" or Miranda rights in violation of his right to due process.[4] Tang requests $1.5 million in monetary damages and injunctive relief in the form of a court order directing Fort Bend County officials to provide him with due process as required by the Texas Constitution and the Texas Code of Criminal Procedure.[5]

## II. Discussion

Tang clearly asks this court to rule on the validity of criminal charges that are currently pending against him in state court and to intervene in those proceedings. Absent extraordinary circumstances the doctrine of abstention announced in Younger v. Harris, 91 S. Ct. 746, 751 (1971), prohibits interference by a federal court with a pending state criminal prosecution. See DeSpain v. Johnston, 731 F.2d 1171, 1176 (5th Cir. 1984) ("The Younger doctrine establishes a presumption that the federal courts

---

[3] Id. at 3.

[4] Id. at 6.

[5] Id. at 3, 7.

should abstain in cases in which a state criminal proceeding is pending."); see also Louisiana Debating and Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1489 (5th Cir. 1995) ("[Abstention] 'is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of a criminal, civil, or even administrative character.'") (citation omitted). Tang has an adequate avenue for raising his claims in state court, where he is represented by counsel. The pleadings in this case do not otherwise demonstrate that extraordinary circumstances are present or that federal court intervention is warranted. Under these circumstances the court must abstain from exercising jurisdiction over Tang's claims.

Although Younger abstention applies only to claims for injunctive and declaratory relief, consideration by this court of Tang's claims for monetary damages would also implicate the validity of ongoing state court criminal proceedings. See Heck v. Humphrey, 114 S. Ct. 2364, 2372 (1994) (holding that civil rights claims are barred if success in the suit would necessarily imply the invalidity of a conviction or present confinement). It would be premature to determine whether Tang's claims are barred by the rule in Heck. See Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995). Rather than stay this case pending the outcome of Tang's criminal proceedings, the court will dismiss the Complaint without prejudice to re-filing his claims in the event that those

proceedings terminate in his favor. Tang's pending motions, which do not alter this determination, will be denied as moot.[6]

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner Civil Rights Complaint filed by Toan T. Tang (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of jurisdiction.

2. Tang's "Motion to Address the Court in Response to the 10.20.16 Order by U.S.D.C. Judge Sim Lake Entered on October 24, 2016" (Docket Entry No. 10) and Tang's "Motion to Address the Court Regarding Plaintiff's Legal Status" (Docket Entry No. 12) are **DENIED as moot**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties.**

SIGNED at Houston, Texas, on this 1st day of December, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[6]Tang has filed a "motion to address the court," asking the court to correct the spelling of the lead defendant's name, among other things (Docket Entry No. 10). The court has corrected the name of the lead defendant, previously identified as Sheriff Troy Niels, to Sheriff Troy E. Nehls. Therefore, Tang's request to correct the lead defendant's name is moot. Tang has also filed a "[m]otion to address the court regarding [his] legal status," in which Tang appears to claim that he is being held illegally without valid legal charges (Docket Entry No. 12). To the extent that Tang seeks release from unlawful confinement, this claim is actionable, if at all, in a habeas corpus petition under 28 U.S.C. § 2254. Because it is evident that Tang has not exhausted available state court remedies with respect to his claim of unlawful confinement, this allegation will not be addressed further.